**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon REBOLLAR–MEDINA, also**
**known as Sergio Garcia–Aguilar,**
**Defendant–Appellant.**

No. 06–50727
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 10, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM: *

Ramon Rebollar–Medina (Rebollar) appeals his conviction and sentence for illegal reentry following deportation. Rebollar argues that the district court erred in characterizing his state conviction for transporting cocaine as an aggravated felony under U.S.S.G. § 2L1.2, but he states that his argument is moot in light of his release from imprisonment. He also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but acknowledges that this argument is foreclosed in light of *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

The Government has filed a motion for summary affirmance, arguing that Rebollar's appeal is moot and foreclosed. Both parties have informed this court that Rebollar has been released from prison and has been deported.

In *United States v. Rosenbaum–Alanis*, 483 F.3d 381, 382–83 (5th Cir.2007), we held that an appellant's challenge to the characterization of a state offense as an aggravated felony under § 2L1.2 was moot when the appellant had completed his term of imprisonment and had been deported. Accordingly, Rebollar's argument in this regard is moot. *See Rosenbaum–Alanis*, 483 F.3d at 383. As such, the Government's motion is denied in part, and Rebollar's appeal is dismissed in part as moot.

Additionally, Rebollar's challenge to § 1326(b) is foreclosed in light of *Almendarez–Torres*. The Government's motion

---

for summary affirmance is granted in part, and the judgment of the district court is affirmed in part.

MOTION GRANTED IN PART and DENIED IN PART; APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.